**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Obaidullah Rahimi,<br><br>        Petitioner,<br><br>vs.<br><br>Katrina Kane, et al.,<br><br>        Respondents. | No. CV 07-1732-PHX-NVW (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

On September 10, 2007, Petitioner Obaidullah Rahimi filed a *pro se* Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2241 alleging that his continued detention by immigration officials is unlawful. Respondents filed a Response in Opposition to Petition for Writ of Habeas Corpus (Doc. #13) on December 7, 2007. Petitioner filed a Reply (Doc. #16) on December 20, 2007, and a Supplement to Reply (Doc. #17) on February 29, 2008. On May 22, 2008, Petitioner filed a Motion for Preliminary Injunction (Doc. #19) in which he seeks the same relief requested in the habeas petition. Respondents filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #20) on June 10, 2008.

On September 16, 2008, this court issued an order(Doc. #22) directing Respondents to file an amended response to the habeas petition. The court issued the order in light of the recent decision in Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir. 2008), which held that the

1    government must provide an alien in Petitioner's circumstances with an individualized bond
2    hearing. Instead of an amended response, Respondents filed a Suggestion of Mootness (Doc.
3    #23) on October 8, 2008, indicating that Petitioner was deported to Afghanistan. Six days
4    later, Respondents filed an Amended Suggestion of Mootness (Doc. #24) stating that
5    Petitioner was released from detention but not deported. The same single-page document
6    was attached to both filings, and it establishes neither that Petitioner was deported nor that
7    he was released from custody. The document is a letter to the warden of the prison where
8    Petitioner was being held directing him to prepare Petitioner for release. Nothing was
9    provided to show Petitioner was actually released. However, a recent newspaper article
10   about Petitioner states that he was released from the prison in Eloy and flew home to
11   California last week. Lance Williams, Fremont Man Free After 4 Years in Prison, San
12   Francisco Chronicle, October 12, 2008, at A-1. The article further states that Petitioner's
13   deportation case was dismissed. Id.

14   Because the newspaper article, combined with the document submitted by
15   Respondents, demonstrates that Petitioner has obtained the relief he sought in his petition,
16   this action is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991) (alien's
17   habeas petition challenging the length of his detention pending deportation was rendered
18   moot when petitioner was released from custody and reparoled into the United States). The
19   court will therefore recommend that the Petition for Writ of Habeas Corpus and the Motion
20   for Preliminary Injunction be dismissed.

21   **IT IS THEREFORE RECOMMENDED:**

22   That Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) and Motion for
23   Preliminary Injunction (Doc. #19) be **DISMISSED**.

24   This recommendation is not an order that is immediately appealable to the Ninth
25   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26   Appellate Procedure, should not be filed until entry of the district court's judgment. The
27   parties shall have ten days from the date of service of a copy of this recommendation within
28   which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.

1  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
2  response to the objections. Failure to timely file objections to the Magistrate Judge's Report
3  and Recommendation may result in the acceptance of the Report and Recommendation by
4  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
5  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
6  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
7  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
8  recommendation.  See Fed. R. Civ. P. 72.

      DATED this 17th day of October, 2008.

*[signature]*
Edward C. Voss
United States Magistrate Judge

- 3 -